THE FIRST NATIONAL BANK OF RICHBURG, Respondent, *v.* CHARLES DOW and ANSON D. BROWN.

HORACE H. FRENCH, Appellant.

*Deed — when a right to oil, minerals, etc., in land reserved to the grantor is liable to sale under execution — to what interests only chapter 372 of 1883 relates.*

One Dow, the owner in fee of certain land, sold and conveyed the same to one Jackson, "excepting and reserving all the oil, gas and other minerals in and beneath the surface of the said premises, with the exclusive right to dig, mine, bore and operate for the same on said premises, and with the right of way over said premises, ingress thereto and egress therefrom, as the same may be necessary or convenient for such operations, for a period of twelve years from August 2, 1882, and with the right during said period to use so much of said premises as may be convenient or necessary to erect and place thereon tanks, engines, boilers, derricks, buildings and machinery and other structures for the purpose of such operations, and at any time to remove therefrom all such tanks, structures and machinery; and, also, reserving the right to take water off said premises, or to use the same as may be required for such operations, during said period."

*Held,* that the interest reserved to Dow in the deed was an interest in real estate, a chattel real, which was subject to the lien of judgments recovered against him, and to sale under executions issued thereon.

Section 1 of chapter 372 of 1883, providing that "all oil wells and all fixtures connected therewith, situate on lands leased for oil purposes, and oil interests and rights held under and by virtue of any lease or contract, or other right or license to operate for or produce petroleum oil, shall be deemed personal property for all purposes except taxation, but nothing herein contained shall affect the laws now in force relating to taxation," has no reference to an estate such as that reserved to Dow.

Appeal from an order of the Allegany Special Term, denying a motion to vacate an injunction restraining the defendant French from operating or producing oil upon certain premises in Allegany county.

*William H. Henderson,* for appellant French.

*Charles H. Brown,* for the respondent.

Haight, J. :

On the 20th day of October, 1883, the plaintiff recovered a judgment against the defendant Dow, which was duly filed and docketed in the office of the clerk of Allegany county. Execution thereon was issued and delivered to the sheriff of that county, who on the 31st day of August, 1885, advertised and sold to the plaintiff all the right, title and interest of the defendant Dow in a parcel of real estate situate in that county. Prior to the rendition of the judgment, Dow was the owner of the land in fee, and on the 2d day of August, 1882, entered into a contract with one Cornelia Howard to sell and convey to her all his right, title and interest in the land, except as hereinafter stated, and subsequently and on the 3d day of January, 1884, in pursuance of the contract, he executed and delivered to Thomas Jackson, her assignee, a deed of the same. The contract and deed contained the following reservation : "Excepting and reserving all the oil, gas and other minerals in and beneath the surface of the said premises, with the exclusive right to dig, mine, bore and operate for the same on said premises, and with the right of way over said premises, ingress thereto and egress therefrom, as the same may be necessary or convenient for such operations for a period of twelve years, from August 2, 1882, and with the right during said period to use so much of said premises as may be convenient or necessary, to erect and place thereon tanks, engines, boilers, derricks, buildings and machinery and other structures for the purpose of such operations, and at any time to remove therefrom all such tanks, structures and machinery, and also reserving the right to take water off said premises or to use the same as may be required for such operations during said period." Subsequently, and on the 11th day of April, 1885, the defendant Dow executed and delivered to the defendant French a deed of all of the right, title and interest reserved by him in such premises.

The question thus presented is, whether or not the reservation in the deed from Dow to Jackson was an interest in real estate to which the lien of the plaintiff's judgment would attach? Upon the argument it was stated, on the part of the appellant, that it would be were it not for the act of May 10, 1883.

The act is as follows: " All oil wells and all fixtures connected therewith, situate on lands leased for oil purposes and oil interests, and rights held under and by virtue of any lease or contract or other right or license to operate for or produce petroleum oil, shall be deemed personal property for all purposes except taxation, but nothing herein contained shall affect the laws now in force relating to taxation."

It is contended, on the part of the appellant, that the only interest that Dow reserved in the land, was a license to enter and put down oil wells and operate for and take the oil therefrom during the term of twelve years, and that it was consequently within the provision of the statute quoted. A careful reading of the reservation will disclose the fact that this claim is not well founded, for he not only reserves the oil, gas and other minerals, but he reserves the exclusive right to dig, mine and bore for the same, with the right of way over the premises, ingress and egress to and from, with the right to use so much of the premises as may be convenient or necessary in his operation. Not only the oil, but every other mineral, iron, coal, lead or whatever other mineral that exists beneath the surface was reserved. He was the owner in fee; he conveyed the fee, reserving therefrom this interest for a term of years, which, under the statute, is denominated a chattel real. The statute to which we have referred pertains to lands leased for oil purposes and oil interests, held under and by virtue of a lease or contract, or right or license to operate for oil. It has no reference to an estate carved out of the fee. Such an estate frequently exists.

In the case of *Ryckman* v. *Gillis* (57 N. Y., 68, 73) Lott, Ch. C., says: That in the ownership of mineral lands, " the surface and the subjacent mines may be and often are owned by different parties and by separate titles, the division being by a horizontal line; there is a distinct freehold in each of them."

In the case of *Marvin* v. *Brewster Iron Mining Company* (55 N. Y., 538, 548) Folger, J., in delivering the opinion of the court

says: "A reserve of minerals and mining rights is construed as an actual grant thereof. It differs not whether the right to mine is by an exception from the deed of the surface or by a grant of the mine by the owner of the whole estate therein, reserving to himself the surface. A reservation of minerals and mining rights from a grant of the estate, followed by a grant to another of all that which was first reserved, vests in the second grantee an estate as broad as if the entire estate had been first granted to him with a reservation of the surface." (See, also, *Appeal of Stoughton et al.*, 88 Pa. St., 198, 201; *Duke* v. *Hague*, 107 id., 57, 65; *Broman* v. *Young*, 35 Hun, 173, 181.)

The order appealed from should be affirmed, with ten dollars costs and disbursements.

SMITH, P. J., and BRADLEY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.